

March 13, 2019

**VIA ECF**

Hon. Jesse M. Furman
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Orrick, Herrington & Sutcliffe LLP
2050 Main Street
Suite 1100
Irvine, CA 92614-8255

+1 949 567 6700

orrick.com

Khai LeQuang
E  klequang@orrick.com
D  +1 949 852 7708
F  +1 949 567 6710

Re: *EFG Bank AG, Cayman Branch, et al. v. AXA Equitable Life Ins. Co.,* 17 Civ. 4767 (JMF) (S.D.N.Y.) ("EFG Action") [rel. 16 Civ. 740, 17 Civ. 4803, 17 Civ. 9355, 18 Civ. 2111, 18 Civ. 10730] – Opposition to AXA's Letter-Motion Requesting a Protective Order Re: Interrogatories

Dear Judge Furman:

Plaintiffs in the EFG and LSH Actions ("EFG Plaintiffs" and "LSH Plaintiffs," referenced herein together as "Plaintiffs") submit this joint response to the letter motion for protective order submitted by Defendant ("AXA") in the above-captioned action on March 8, 2019 (ECF No. 264)[1] and re-filed on March 11, 2019 (ECF No. 265). AXA's letter motion unnecessarily complicates a straightforward issue – whether plaintiffs in the Related Actions[2] are limited to serving only joint interrogatories, or whether they are also permitted to serve individual interrogatories that either: (a) solely relate to issues in that individual plaintiff's case; or (b) relate to joint issues but are not interrogatories that all plaintiffs agree to serve jointly. Plaintiffs submit that both joint and individual interrogatories are contemplated and permitted under the Court's Orders and the Federal Rules of Civil Procedure.

In its December 20, 2018 Order, the Court specifically stated that Plaintiffs may serve upon AXA "a total of **thirty joint interrogatories**." ECF No. 261 at 4 (emphasis in original). The Order did not, however, limit Plaintiffs to serving only joint interrogatories. Moreover, the Court's Civil Case Management Plan and Scheduling Order ("CMO") specifically contemplated that there would be both joint and individual discovery requests, noting:

> All Plaintiffs are directed to coordinate discovery schedules and deadlines with each other and with Defendant in all Actions to the extent practicable. Plaintiffs in all Actions will endeavor, to the extent practicable and without prejudice to the rights of the parties, to identify "joint discovery requests," which shall be applicable to

---

[1] All references to docket entries in this opposition letter shall refer to such entries on the docket of the EFG Action.
[2] The Related Actions include the civil actions listed in Schedule A of the Court's December 20, 2018 Order. ECF No. 261.



     all Actions, and "separate discovery requests," which shall be unique to a particular Action or Actions.

ECF No. 92 at ¶9a.  Plaintiffs have done exactly this.  Joint discovery requests are identifiable by the word "Joint" contained in the title of the request, and by the fact that counsel for multiple plaintiffs have signed the request (or later agreed to treat the request as joint).  Separate discovery requests are identifiable by the absence of the word "Joint" in the title of the request and by the fact that counsel for only a single plaintiff has signed the request.[3]

   Plaintiffs in the Related Actions have done their best to abide by the mandate to pursue discovery jointly to the extent practicable so as to lessen the burden on AXA.  Indeed, the fact that Plaintiffs have "acted in unison" by serving 28 joint interrogatories underscores their efforts to avoid duplication of discovery efforts.  But joint interrogatories are not an appropriate vehicle for discovery related to only one plaintiff's policies, damages, or legal theories.[4]  Even in instances of potential overlap, such as when an affirmative defense is asserted across all Related Actions, plaintiffs have no way of knowing whether AXA is asserting an affirmative defense based on facts that are applicable to all plaintiffs, or based on different facts for each individual plaintiff.  Furthermore, because the various plaintiff groups do not have identical facts underlying their claims, nor are they pursuing identical claims in their respective actions, their discovery focus is not always 100% aligned.[5]  The fact that these actions are being coordinated for pretrial purposes does not mean that the individual plaintiffs groups should be deprived of the ability to conduct their own discovery in their own action to support their own theories of the case.

   To the extent AXA is arguing that Plaintiffs are conspiring together to serve voluminous discovery on AXA, it should be noted that EFG Plaintiffs served a total of 18 individual interrogatories and LSH Plaintiffs served a total of 23 individual interrogatories.  If Plaintiffs' goal was to burden AXA with extensive and unnecessary discovery requests, they would have each served the full 25 individual interrogatories permitted under the Federal Rules.  Instead, EFG

---

[3] AXA concedes that the CMO contemplates "separate" discovery requests, but insists that the CMO does not specify the number of separate requests allowed.  Although this is true, it is only logical that where the CMO does not address an issue, the Federal Rules of Civil Procedure control.  The Federal Rules of Civil Procedure permit each party to serve 25 interrogatories on any other party.  Fed. R. Civ. P. 33.

[4] For example, EFG Plaintiffs' first set of interrogatories specifically asked about table shaving directed at EFG Plaintiffs' policies, and EFG Plaintiffs' second set of interrogatories focused on affirmative defenses included in AXA's Answer to EFG Plaintiffs' Fourth Amended Complaint, as well as damages figures specific to EFG Plaintiffs' policies.  *See* Exs. A and B.  Similarly, LSH's first and second set of interrogatories asked about subjects specific to LSH, such as the commissions earned by agents and brokers on LSH Plaintiffs' policies or whether AXA contends that any such policies are void or voidable, or matters that are of particular interest to LSH, such as AXA's knowledge that AULII policies would be sold to institutional investors such as LSH.  *See* Exs. C and D.

[5] The fact that some of Plaintiffs' individual interrogatories *could* have been served as joint interrogatories does not mean that they *must* have been served jointly.  With different claims and legal theories among the cases, the plaintiff groups are focused on different aspects of the cases, inevitably leading to discovery requests that one plaintiff group is interested in serving but another is not.



Plaintiffs and LSH Plaintiffs served only what they each needed to support their individual cases – no more and no less.

AXA's letter motion boils down to an argument that it has received an excessive number of interrogatories when both joint and separate interrogatories are added together. Notably, AXA does not—and cannot—contend that Plaintiffs' separate interrogatories are duplicative of the joint interrogatories[6] or irrelevant to the matters in dispute. But while the Court's order encouraging joint discovery requests was intended to protect AXA from duplication of efforts, it was not intended to protect AXA from the fact that it is being sued by six different plaintiff groups in six different actions. Any alleged discovery "barrage" is due solely to the fact that AXA is defending against six actions, and each party in each of those actions has a right to pursue its own legal theories, irrespective of the actions of the other parties. Furthermore, AXA is ill-positioned to complain about a barrage of discovery requests when it has served, in only two of those six actions, a total of 54 interrogatories,[7] 64 document requests, 215 requests for admission, 205 30(b)(6) topics, and over 50 third-party subpoenas.[8] With regard to interrogatories alone, AXA is effectively arguing that it can serve up to 25 interrogatories on each party, which would be well over 150 total interrogatories, but that plaintiffs can only serve 30 total interrogatories across all six actions.

Plaintiffs have participated in discovery in this matter according to their good faith interpretation of the Court's Orders and the Federal Rules of Civil Procedure, including with regard to the number of joint and individual interrogatories permitted. Plaintiffs request that the Court deny AXA's motion for protective order as to the 16 interrogatories served by EFG Plaintiffs and 13 interrogatories served by LSH Plaintiffs on February 18.

---

[6] AXA makes a vague claim that one of EFG Plaintiffs' interrogatories is duplicative of a joint interrogatory, noting that "'Self-Support' tests have been the subject to one joint interrogatory." ECF No. 265 at n.9. EFG's interrogatory on this subject, however, asks whether the "mortality assumptions AXA used for its self-support tests for AULII were at all times reasonable" and to "state all facts upon which [AXA] base(s) this contention," whereas the joint interrogatory on this issue asks AXA to "Identify all actuarial models used for performing self-support and lapse-support tests for AUL 2 policies between 2002 to the present." *Cf.* Ex. B at Interrog. 15 and Ex. E at Interrog. 24. These interrogatories are not duplicative solely because they concern the same broad topic of self-support testing.

[7] AXA points out that the CMO provides that other than contention interrogatories, "[n]o other interrogatories are permitted unless agreed to by the parties or court order." ECF No. 92 at ¶9a. That is a curious statement considering AXA has served dozens of non-contention interrogatories upon EFG and LSH without Plaintiffs' agreement or court approval. *See, e.g.*, Ex. F (Defendant's First Set of Interrogatories to EFG Plaintiffs).

[8] AXA served the following number of interrogatories: 25 on LSH Plaintiffs jointly, 23 on EFG Plaintiffs jointly, 2 on EFG, 2 on EAA Plaintiffs, and 2 on Wells Fargo as securities intermediary for EFG. AXA served the following number of Requests for Production: 39 on LSH Plaintiffs jointly and 25 on EFG Plaintiffs jointly. AXA served the following number of Requests for Admission: 46 on LSH, 62 on Wells Fargo as securities intermediary for LSH, 26 on EFG, 35 on EAA Plaintiffs, and 46 on Wells Fargo as securities intermediary for EFG. AXA served the following number of 30(b)(6) topics: 47 on LSH, 38 on Wells Fargo as securities intermediary for LSH, 41 on EFG, 40 on EAA Plaintiffs, and 39 on Wells Fargo as securities intermediary for EFG. These figures count "joint" requests only once.



Respectfully Submitted,

*/s/  Khai LeQuang*

Khai LeQuang

cc: David Gelfand (dgelfand@milbank.com); Stacey Rappaport (srappaport@milbank.com)

Dorit Ungar Black (dblack@hsgllp.com)

Substantially for the reasons set forth above, AXA's letter motion is DENIED. AXA is granted a one-week extension of the deadline to respond to the interrogatories at issue.  The Clerk of Court is directed to terminate 17-CV-4767, Docket No. 265, and 18-CV-2111, Docket No. 195, and to docket this in both cases.

SO ORDERED.

March 18, 2019