UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                                                    :

LSH CO, et al.,                                                                           :

                                                                  Plaintiffs,      :

                                                                                                     :

                                              -v-                                     :               18-CV-2111 (JMF)

                                                                                                     :

AXA EQUITABLE LIFE INSURANCE COMPANY,    :       MEMORANDUM OPINION
                                                                                                    :                AND ORDER

                                                                  Defendant.      :

                                                                                                     :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      On July 31, 2019, AXA filed a letter motion under seal seeking an order compelling production of four documents as to which LSH claims attorney-client privilege. Upon review of the parties' submissions, including an *in camera* review of the documents at issue (which were submitted by LSH in support of its motion to seal), AXA's motion is GRANTED as to three documents and DENIED as to one. First, the Court finds that LSH waived any privilege with respect to the documents attached as Exhibits A and C to AXA's motion, substantially for the reasons provided by AXA in its letter motion. Contrary to LSH's claim, it did not claw the documents back when they were used in a deposition; instead, counsel for LSH stated only that "*I think* we're going to claw this back." LSH Opp'n 3 n.4 (emphasis added); *see United States v. Wells Fargo Bank, N.A.*, No. 12-CV-7527 (JMF), 2015 WL 5051679, at *4 & nn.6-7 (S.D.N.Y. Aug. 26, 2015) (finding a waiver of the privilege where counsel asserted only that a document "might be" privileged but nevertheless permitted the witness to be questioned about and did not otherwise object to its use). Nor does the parties' protective order affect the analysis, as it merely provides in relevant part that "*disclosure*, in itself, shall not constitute or be deemed a

waiver or forfeiture of any claim of privilege." ECF No. 15-1, ¶ 15 (emphasis added). Notably, it was not the disclosure, "in itself," that resulted in waiver or forfeiture of LSH's claims; instead, it was LSH's failure to take steps "to remedy such disclosure immediately." *Ceglia v. Zuckerberg*, No. 10-CV-00569A(F), 2012 WL 1392965, at *8 (W.D.N.Y. Apr. 19, 2012) (citing cases); *see, e.g.*, *Wells Fargo Bank, N.A.*, 2015 WL 5051679, at *4; *see also, e.g.*, *Fischman v. Mitsubishi Chem. Holdings Am., Inc.*, No. 18-CV-8188 (JMF), 2019 WL 3034866, at *3 (S.D.N.Y. July 11, 2019) (discussing privilege waivers and citing cases).

Second, the Court concludes that LSH has failed to sustain its burden of showing that the document attached as Exhibit B to AXA's motion is privileged. "The attorney-client privilege protects communications (1) between a client and his or her attorney (2) that are intended to be, and in fact were, kept confidential (3) for the purpose of obtaining or providing legal assistance." *Brennan Ctr. for Justice at N.Y. Univ. Sch. of Law v. DOJ*, 697 F.3d 184, 207 (2d Cir. 2012) (internal quotation marks omitted). Significantly, the privilege attaches only if "the predominant purpose of the communication is to render or solicit legal advice." *In re County of Erie*, 473 F.3d 413, 420 (2d Cir. 2007); *see, e.g.*, *In re Gen. Motors LLC Ignition Switch Litig.*, 80 F. Supp. 3d 521, 529-30 (S.D.N.Y. 2015). Here, LSH fails to establish that the predominant purpose of Exhibit B was to render or solicit legal advice, substantially for the reasons stated by AXA in its letter motion. LSH asserts that the email constituted an "implicit request[] for legal advice" because an attorney was copied and the communication "implicate[d] specific legal issues." LSH Opp'n 2 (quoting *Greater New York Taxi Ass'n v. City of New York*, No. 13-CV-3089 (VSB) (JCF), 2017 WL 4012051, at *12 (S.D.N.Y. Sept. 11, 2017)). But that assertion is not supported by the record. Indeed, on its face, the document is predominantly a business communication; that it involved "legal considerations" and that counsel was copied are not,

without more, sufficient to render it protected. *Int'l Cards Co. v. Mastercard Int'l Inc.*, No. 13-CV-2576 (LGS) (SN), 2014 WL 4357450, at *2, *5 (S.D.N.Y. Aug. 27, 2014).

By contrast, although the question is a close one, the Court concludes that the document attached as Exhibit D to AXA's motion is indeed protected by the privilege, substantially for the reasons stated by LSH in its letter opposing AXA's motion. The email was plainly by a lawyer at CMG, an agent of LSH, in response to a query from the general counsel of AXA's parent company, and it pertained to the meaning and significance of indemnification provisions at issue in certain existing and anticipated litigations. The fact that the CMG lawyer was also the CEO of CMG does not change the fact that the communication was made for the purpose of obtaining or providing legal assistance.

In short, AXA's motion is GRANTED as to Exhibits A, B, and C, but DENIED as to Exhibit D. That leaves only LSH's request for the continued sealing of redactions to the parties' letter motion papers. Substantially for the reasons set forth in LSH's letter, that request is GRANTED, but only to the extent set forth in the last paragraph on page two of LSH's letter — namely, as to the contents of Exhibits A, B, C, D, E, and I reflected by the blue highlighting in Exhibits 2, 4, 5, 6, 7, 8, 9, and 10, and as to Exhibits F, G, and J in their entirety. No later than **August 29, 2019**, the parties shall file whatever they need to file, on ECF or with the Sealed Records Department, to comply with this Memorandum Opinion and Order.

SO ORDERED.

Dated: August 26, 2019
New York, New York

_____
JESSE M. FURMAN
United States District Judge