# HOLWELL SHUSTER & GOLDBERG LLP

425 Lexington Avenue
New York, New York 10017
Tel: (646) 837-5151
Fax: (646) 837-5150
www.hsgllp.com

*Dorit Ungar Black*
  *646-837-5156*
*dblack@hsgllp.com*

October 17, 2023

**VIA ECF**

The Honorable Jesse M. Furman
United States District Court
for the Southern District of New York
40 Foley Square
New York, NY 10007

Re:   *LSH CO v. AXA Equitable Life Ins. Co.,* No. 18-cv-2111 (JMF)

Dear Judge Furman:

We represent Plaintiffs LSH CO ("LSH") and Wells Fargo Bank, National Association, solely in its capacity as securities intermediary ("Wells Fargo") (together, "*LSH* Plaintiffs") in the above-referenced action. Pursuant to the Court's Order, dated April 10, 2018, concerning the filing of sealed documents (*Brach* D.E. 212), as modified for motion *in limine* briefing by the Court's Order dated August 31, 2023 (*LSH* D.E. 302), and Rule 7.B. of Your Honor's Individual Rules and Practices in Civil Cases, the *LSH* Plaintiffs respectfully request the continued sealing of submissions made by the Defendant in connection with motion *in limine* briefing. In particular, the *LSH* Plaintiffs request the continued sealing of certain exhibits to *LSH* D.E. 311, the Declaration of Robert C. Hora in Support of Defendant's Motions *In Limine* ("Hora Aff. Decl."), and *LSH* D.E. 335, the Declaration of Robert C. Hora In Support of Defendant's Opposition to Plaintiffs' Motions *In Limine* ("Hora Opp. Decl.").

Exhibit 10 to the Hora Aff. Decl. and Exhibit 37 to the Hora Opp. Decl. reflect the Expert Report of Glenn Hubbard, Defendant's damages expert. Exhibit 24 to the Hora Opp. Decl. is a June 23, 2009 letter between the Alberta Investment Management Corporation ("AIMCo") and CMG Surety LLC ("CMG"), LSH's life settlements portfolio manager, concerning the terms of CMG's engagement. Exhibit 25 to the Hora Opp. Decl. contains excerpts from the March 22, 2019 deposition transcript of former CMG principal Robert White. Exhibit 28 to the Hora Opp. Decl. is a June 10, 2014 letter from actuarial consulting firm Lewis & Ellis, Inc. ("L&E") to CMG regarding L&E's review and valuation of policies owned by LSH. Exhibit 32 to the Hora Opp. Decl. is an "Amended and Restated Origination and Acquisition Agreement," dated May 16, 2011, between LSH and CMG. Exhibit 33 to the Hora Opp. Decl. is an internal LSH "Investment Approval Request" concerning CMG. Exhibit 34 to the Hora Opp. Decl. is an "Origination and Acquisition Agreement," dated April 9, 2010, between LSH and CMG.

The presumption of public access to judicial documents must be balanced against countervailing factors, such as "privacy interests" and whether the materials at issue contain "sensitive and proprietary information." *Awestruck Mktg. Grp., LLC v. Black Ops Prods., LLC*, No. 16-CV-3969, 2016 WL 8814349, at *2 (S.D.N.Y. June 20, 2016).

Here, Exhibit 10 to the Hora Aff. Decl. and Exhibits 25, 28, 33, and 37 to the Hora Opp. Decl. reveal LSH's proprietary valuation methodology, policy purchase parameters, and investment strategy, including sensitive mortality data. *See* Hora Aff. Decl. Ex. 10 ¶¶ 252, 271-74; Ex. 25 at 69:11-70:13, 72:18-73:11, 152:2-155:24, 183:9-183:24; Ex. 28 (entire document); Ex. 33 (entire document); Ex. 37 ¶¶ 252, 271-74. The information in these documents is private, unique to LSH, crucial to its core business interests, and unknown to LSH's competitors in the life settlements market. *See* Declaration of Eric Pedde ("Pedde Decl.") dated February 7, 2019 (*LSH* D.E. 179-1) ¶¶ 3-5[1]; Pedde Decl. dated December 17, 2018 (*LSH* D.E. 150-1) ¶¶ 5,[2] 7.[3] Further, Exhibits 24, 32, and 34 to the Hora Opp. Decl. disclose the non-public terms of privately negotiated and confidential agreements between LSH and CMG and also describe the sensitive investment strategies and policy eligibility parameters revealed by Exhibits 25, 28, 33, and 37 to the Hora Opp. Decl. *See* Ex. 24 (entire document); Ex. 32 (entire document); Ex. 34 (entire document). Public disclosure of such "specific business information and strategies," including the confidential terms of LSH's agreements with its third-party service provider, would put LSH "at a competitive disadvantage" in the life settlements market. *See Louis Vuitton Malletier S.A. v. Sunny Merchandise Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015); *New York v. Actavis*, 2014 WL 5353774, at *3 (S.D.N.Y. Oct. 21, 2014); Pedde Decl. dated December 17, 2018 (*LSH* D.E. 150-1) ¶ 8.[4]

For the same reasons the Court previously ordered continued sealing of LSH's valuation criteria and confidential agreements, including the LSH agreements subject to this letter motion

---

[1] "I have reviewed and approved valuation criteria for the purchase of life insurance policies, including criteria relevant to the 53 policies at issue in this litigation. . . . LSH's valuation criteria are proprietary work product of LSH and essential to its business. They are also unknown to the life settlements market and intended to remain confidential. LSH would be damaged if competitors became aware of these valuation criteria because they could use this information to their advantage when evaluating life insurance policies that LSH considers purchasing or selling. . . . The value of LSH's life settlement portfolio is unknown to life insurance providers and LSH's competitors in the life settlements market. This value is highly confidential and is based on many policies not issued by Defendant and not at issue in this litigation. Public disclosure of this value would enlighten LSH' s competitors and harm LSH's ability to bargain."

[2] "LSH's mortality assumptions and related analyses are unique to LSH and essential to their business. They are also unknown to the life settlement market."

[3] "LSH's investment strategies" are "unknown to LSH's competitors in the life settlement market" and "vital to LSH's positioning in the market."

[4] "LSH's techniques for managing their policies and third-party service providers such as IFA and CMG are considered confidential and exclusive to LSH. The terms of LSH's engagements with these third-party service providers are unknown to the market and are proprietary to LSH."

and the specified paragraphs in the Expert Report of Glenn Hubbard, this information should remain sealed here.  See *LSH* D.E. 134; *LSH* D.E. 152; *LSH* D.E. 168; *LSH* D.E. 181; *LSH* D.E. 193; *LSH* D.E. 208; *EFG* D.E. 319; *LSH* D.E. 241; *Brach* D.E. 417; *Brach* D.E. 633.

\* \* \* \*

Accordingly, the *LSH* Plaintiffs respectfully request the continued sealing of the aforesaid documents submitted by the Defendant in support of its motion *in limine* briefing.

Respectfully submitted,

*D. Black*

Dorit Ungar Black

Cc:  All Counsel of Record (via ECF)

Application GRANTED.  Within one week, the parties shall ensure that Defendant's motion *in limine* filings not affected by this endorsement are on the public docket -- whether that is by re-filing the documents as modified or by filing a letter advising the Court as to any document that can be unsealed (which the Court can then so order).  The Clerk of Court is directed to terminate ECF No. 347.

SO ORDERED.

October 20, 2023